IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARY EMILY COUCH**                                              **PLAINTIFF**

VS.                                   CIVIL ACTION NO. 5:13cv00022-DCB-MTP

**SENTINEL INSURANCE COMPANY,**
**LTD./THE HARTFORD**                                            **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on a Motion to Dismiss by Sentinel Insurance Company, Ltd./The Hartford ("Sentinel") [**docket no. 3**]. Sentinel argues that Plaintiff's Complaint should be dismissed because she has alleged an intentional tort for bad-faith denial of her workers' compensation claim but has not yet exhausted her administrative remedies with the Mississippi Workers' Compensation Commission. The Plaintiff, Mary Emily Couch, argues that she need not exhaust her administrative remedies to maintain a bad-faith claim under Mississippi law and opposes Defendant's Motion on this ground alone.

## ANALYSIS

Because the present matter requires little analysis, the Court need not belabor its disposition with a recitation of the Rule 12(b)(6) standard or a lengthy discussion of relevant law. Sentinel contends that dismissal is proper because "[t]he Mississippi Supreme Court [requires] the exhaustion of the administrative remedial process before an intentional tort claim against a carrier can be brought." Whitehead v. Zurich Am. Ins. Co., 348 F.3d 478,

481 (5th Cir. 2003) (citing Walls v. Franklin Corp., 797 So. 2d 973, 977 (Miss. 2001)). Couch suggests that this rule is no longer good law after the Mississippi Supreme Court's decision in Mississippi Power & Light Company v. Cook, 832 So. 2d 474 (Miss. 2002). Yet, even a cursory reading of Cook and the other cases cited by Couch indicate otherwise.[1] See Pl.'s Br. at 1-3. In fact, not only did Cook not alter this long-standing rule, the Mississippi Supreme Court in Cook *reaffirmed* its prior precedent "that a claimant could not maintain a bad faith action against an employer for refusal to pay for disputed medical services and supplies absent the Commission's prior determination that those services and supplies were reasonable and necessary." Cook, 832 So. 2d at 480 (citing Walls, 797 So. 2d at 974 (Miss. 2001)),[2] see also Whitehead, 348 F.3d 478 (applying the rule in Walls in a case decided almost a year after Cook); Brewer v. Sedgwick Claims Mgmt. Servs., Inc., 2012 WL 2358155, at *2-3 (S.D. Miss. June 20, 2012) (noting the clear distinction between Cook and Walls); Murphy v. Liberty Mut. Ins. Co., No. 3:11-cv-37-DPJ-FKB (S.D. Miss. June 29,

---

[1] This Mississippi Court of Appeals decision in AmFed Companies, LLC v. Jordan, 34 So. 3d 1177 (Miss. Ct. App. 2009), also did not alter the rule requiring exhaustion. In Jordan, the plaintiff obtained an order from the Workers' Compensation Commission. Also in that case, it is not clear if the issue of exhaustion was raised.

[2] Instead, the supreme court distinguished Walls on the ground that Cook had settled her claim and therefore did not have a claim pending before the Mississippi Workers Compensation Commission at the time she filed her complaint. See id.

2011) (dismissing a bad-faith claim for failure to exhaust long after the Cook decision).

**CONCLUSION**

Here, it is undisputed that there has been no prior determination by the Mississippi Workers' Compensation Commission, and therefore the issue is appropriate for a motion to dismiss. Moreover, other than to suggest that Cook stands for the proposition that a prior determination from the Mississippi Workers' Compensation Commission is no longer required, Couch has not made an effort to show how the general rule in Walls does not apply to the facts in this case. Because Couch has not received a prior determination from the Mississippi Workers' Compensation Commission, she does not have a ripe bad-faith claim under Mississippi law. Murphy v. Liberty Mut. Ins. Co., No. 3:11-cv-37-DPJ-FKB (S.D. Miss. June 29, 2011). Because Couch does not have a ripe bad-faith claim under Mississippi law, her Complaint must be dismissed without prejudice. Accordingly,

>**IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss [**docket no. 3**] is **GRANTED**. A separate final judgment will issue forthwith dismissing the Plaintiff's claim *without prejudice*. **SO ORDERED**, this the 27th day of March, 2013.

    /s/ David Bramlette
**UNITED STATES DISTRICT COURT**